Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Judge Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 406 | **DATE** | July 8, 2010 |
| **CASE TITLE** | TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA v. JOHN P. PADERTA | | |

**DOCKET ENTRY TEXT:** Opinion

Plaintiff's motion to use collateral [26] is denied.

## STATEMENT

**I. STATEMENT OF FACTS**

Krahl Construction is a construction business that provided general services for public and private projects in Illinois and Colorado. Defendant Paderta was the president of Krahl Construction. In accordance with the Illinois Public Construction Bond Act and the Colorado Construction bond Act, Krahl Construction was required to obtain payment and performance surety bonds to guarantee Krahl's performance and payment obligations. 30 ILCS 550, C.R.S. § 38-26-101. Plaintiff, Travelers Casualty and Surety Company of America ("Travelers"), is a surety company that issues surety bonds on behalf of contractors in the states of Illinois and Colorado. Krahl Construction is no longer operating, and on January 15, 2010 entered into a Trust Agreement and Assignment for the Benefit of Creditors of Krahl Associates, Inc., d/b/a Krahl Construction.

Travelers issued payment and performance bonds on behalf of Krahl Construction, as principal, for a number of Krahl projects. In connection to these bonds, Krahl Construction entered into an Indemnity Agreement with Travelers that was executed by Paderta and Krahl Construction. This Indemnity Agreement required Paderta and/or Krahl Construction to hold Travelers harmless from all liability under the bonds and required Paderta and/or Krahl Construction to post collateral upon Travelers' demand to cover any loss. As of January 19, 2010 Travelers had received numerous claims against the payment and performance bonds. Plaintiff alleges that Defendant has abandoned the bonded contracts which constitutes a default under the Indemnity Agreement. Neither Defendant nor Krahl Construction has indemnified Travelers. The affidavit of Shawn Pikas, Travelers' Claim Counsel, states that as of April 9, 2010 Travelers had received $10,537,220.74 in claims under the Bonds. As of the same date, Travelers had spent $1,804,357.21 in

| STATEMENT |
|---|

discharging its obligations under the bonds.

On January 26, 2010 this Court granted Fifth Third Bank's motion to intervene and granted in part and denied in part Travelers' motion for preliminary injunction. Defendant was ordered to post collateral with Travelers, and Travelers was instructed that it could not use the collateral until further order of the Court. Fifth Third Bank ("The Bank" or "Fifth Third") loaned Krahl over $6,000,000.00 and on May 1, 2004 entered into a Continuing Guaranty Agreement under which Defendant granted the full and prompt payment of all indebtedness. Fifth Third has sued Defendant in the Northern District seeking to enforce its right under the Guaranty. At the hearing held on January 26, 2010 I did not assign priority as between the parties over any collateral.

Travelers now moves to use any and all collateral posted by Defendant to pay $10,537,220.74 in claims it has received on the performance and payment bonds it issued on Defendant's behalf. Defendant did not responded to this motion.

## II. DISCUSSION

The Collateral Security Provision of the Indemnity Agreement between Plaintiffs and Paderta provides that:
> Indemnitors agree to deposit with Company, upon demand, an amount as determined by Company sufficient to discharge any Loss or anticipated Loss. Indemnitors further agree to deposit with Company, upon demand, an amount equal to the value of any assets or Contract funds improperly diverted by an Indemnitor. Sums deposited with Company pursuant to this paragraph my be used by Company to pay such claim or be held by Company as collateral security against any Loss or unpaid premium on any Bond.

The plain language of this provision is clear. Upon Travelers' demand, Defendant must post collateral, and such collateral may be used to pay claims made on bonds.

Neither Travelers nor Fifth Third argues that the Indemnity Agreement is unenforceable, and both parties agree that courts routinely enforce collateral security provisions in contracts between a surety and an indemnitor. *Hanover Ins. Co. v. Smith,* 561 N.E.2d 14 (1990) ("Illinois state law establishes the validity and enforceability of indemnity agreements between a principal and a surety."); *Hanover Ins. Co. v. Clark,* No. 05 C 2162, 2006 WL 2375428, at *3 (N.D.Ill., Aug. 15, 2006); *Liberty Mutual Ins. Co. v. Aventura Engineering & Co.*, 534 F.Supp.2d 1290, 1303 (S.D.Fla. 2008). Rather, Fifth Third argues that Travelers' motion should be denied because Travelers fails to identify which collateral it seeks to use and because Travelers has failed to establish that it has a valid perfected security interest over the alleged collateral.

First, Fifth Third argues that Travelers' motion must be denied because it fails to identify the collateral it seeks to use, thereby unfairly prejudicing the Bank because it cannot properly challenge the motion. In Traveler's motion it specifically identifies one property that is being sold to comply with Travelers' collateral demand, an office building located in Colorado. Fifth Third does not assert any interest in this property. Travelers also states that Paderta has no liquid assets and is in the process of liquidating other real estate to comply with Travelers' collateral demand. It is not clear what, if any, other real property has been selected for liquidation. As an intervenor in this action, Fifth Third is entitled to know what collateral is being posted to comply with Travelers' demand. Accordingly, to the extent that Travelers seeks leave to use any and all posted collateral, this motion is denied and Travelers is ordered to disclose the

| STATEMENT |
|---|

collateral posted by Paderta.

Next, Fifth Third argues that Travelers has failed to establish that it has a valid and perfected interest over the collateral it seeks to use. Travelers does not contend that it has perfected a security interest over the collateral it seeks to use, but instead argues that such a perfected interest is unnecessary because the collateral security provision contained within the indemnity agreement grants it immediate access to the collateral posted by Paderta.

Travelers is correct that courts routinely enforce collateral security provisions in contracts between a surety and an indemnitor. The Bank argues that despite this, Travelers must show that it has a valid and perfected security interest under the indemnity agreement to ensure that the rights of other lienholders, including itself, are not prejudiced. Furthermore, The Bank argues that it is entitled to discovery as to the claims made or paid by Travelers and states that it "should not be expected to relinquish its rights over the Collateral posted by Paderta without knowing specific information about the claims made on the bonds issued by Travelers." The Bank argues that until evidence of a perfected security interest is shown, both Travelers and the Bank are in the "same position as unsecured contract claimants."

Travelers' motion to use Paderta's posted collateral is denied. At the preliminary injunction hearing I ordered Defendant to post collateral with Travelers, however I ordered Travelers not to use this collateral until further order of this Court. While the posting of collateral is appropriate at this time to protect Travelers' interests, without a judgment on the merits, the use of such collateral is premature. I decline to assign a priority interest to either party at this time and further decline to order additional discovery as to the bond claims paid by Travelers.

## III. CONCLUSION

For the foregoing reasons, Travelers' motion to use collateral is denied.