UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut Corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| JOHN P. PADERTA, an Illinois citizen, | ) ) | Case No. 10-CV-0406 |
| Defendant | ) ) | Hon. Judge James Zagel |
| and | ) ) | Magistrate Judge Ashman |
| FIFTH THIRD BANK, an Ohio banking corporation, as successor by merger with FIFTH THIRD BANK, a Michigan banking corporation | ) ) ) ) ) | |
| Third Party Defendant | ) ) | |

**OBJECTION OF FIFTH THIRD BANK TO PLAINTIFF'S SECOND MOTION TO USE COLLATERAL**

Third Party Defendant Fifth Third Bank ("Fifth Third"), by its attorneys, respectfully submits the following objections (the "Objections") to the Plaintiff Travelers Casualty and Surety Company of America ("Travelers") Second Motion to Use Collateral ("Motion"). In support of the Objections, Fifth Third states the following:

**INTRODUCTION**

1.  Travelers again attempts to assert a priority interest in assets posted on behalf of Defendant John P. Paderta ("Paderta") by his respective counsel. Fifth Third objects to the

Motion because Travelers has not provided sufficient information regarding the identity of the posted collateral, nor has it established that it has a proper security interest over any such collateral.

## BACKGROUND

2.  In order to protect its ability to enforce its rights under a guaranty agreement between Fifth Third and Paderta, Fifth Third filed a motion to intervene in this action on January 25, 2010. [Docket No. 9.] This Court granted Fifth Third's motion to intervene, and mandated that Travelers could not use or dispose of any collateral except by order of Court. [Docket No. 17.] Further, this Court granted Fifth Third leave to be heard on any issue relating to the use of collateral without expressly or impliedly ruling on the priority of the parties over such collateral. [Id.]

3.  On April 19, 2010, Travelers filed its first Motion to Use Collateral seeking specific performance to use the collateral posted by Paderta. [Docket No. 26.] Fifth Third objected to the first Motion to Use Collateral on the grounds that it failed to identify the collateral that Travelers sought to use, and because Travelers had not established that it had a proper security interest over the collateral. [Docket No. 31.] On July 8, 2010, this Court denied Travelers' first Motion to Use Collateral, holding that Fifth Third was entitled to know what collateral was being posted by Paderta such that it could properly challenge the motion to protect its interests in the collateral, and ordered Travelers to disclose all collateral posted by Paderta. [Docket No. 39.] This Court also refused to assign a priority interest over any collateral in its July 8, 2010 order. [Id.]

### The Rosen Deposit and the Collins Deposit

4.  On December 8, 2010, Travelers filed the instant Motion seeking to use the collateral posted by Paderta with the Clerk for the Northern District of Illinois ("Clerk").

2

[Motion, § I, A.] The Motion points to two deposits made on behalf of Paderta with the Clerk: (1) a deposit in the amount of $125,020.41 made on August 27, 2010 by Paderta's former counsel, Harold Rosen ("Rosen"); and (2) a deposit in the amount of $124,615.62 made on an undisclosed date by Paderta's current counsel, J. Michael Collins ("Collins"). [Motion, § I, C.] Travelers argues that, since it has pointed to these deposits, it has sufficiently identified the source of the posted collateral such that it should be entitled to use it to satisfy its demand on Paderta pursuant to the indemnity agreement between them. [Motion, § II, B.] As in its first Motion to Use Collateral, Travelers additionally argues that it should have a priority over Fifth Third as to any collateral posted by Paderta because of the collateral security provision contained in the indemnity agreement. [Motion, § II, A.] This Court has, on a number of occasions, refused to rule on any issue of priority over any alleged collateral. [See Docket No. 39; see also Docket No. 47; see also hearing on January 26, 2010.]

**BASIS FOR OBJECTION**

5. Fifth Third objects to the instant Motion on two distinct bases. First, despite claiming to have identified the collateral it seeks to use with "specificity," Travelers has not sufficiently identified the source of the funds that were deposited by Rosen with the Clerk. Second, the funds turned over to the Clerk by Collins represent proceeds from a real estate transaction that occurred in Colorado. Travelers has provided no evidence that it had a valid perfected mortgage on this real estate. Therefore, the Motion should be denied, or, in the alternative, Travelers should be required to present more specific information as to the sources of such funds so that Fifth Third can appropriately assess its potential interests in the collateral.

3

### A. The Source of the Collateral Deposited by Rosen Should Be Clearly Identified.

6. The Motion should be denied at this time because it fails to identify the source of the funds deposited by Rosen with the Clerk. The failure to adequately identify the source of these funds unfairly prejudices Fifth Third because it cannot properly dispute, if necessary, the use of such collateral without begin appraised as to where the funds originated. It is possible that the funds deposited by Rosen were proceeds from collateral to which *Fifth Third* has a prior perfected security interest. Without disclosing the source of such funds, it is impossible to know, and Fifth Third is prejudiced thereby. Travelers may not yet know this information.

7. This, essentially, is the same argument that this Court accepted in Fifth Third's objection to Travelers' first Motion to Use Collateral. The only difference here is that Travelers has stated that Rosen deposited the funds in question with the Clerk. This is not in compliance with this Court's prior order that it "*disclose the collateral*" posted by Paderta. [Docket No. 39 (emphasis added).] Specifically, the funds deposited by Rosen were not, as Travelers alleges, identified by Rosen or by any other supporting evidence as proceeds from the sale of property. Rather, this amount is merely what was *held by Rosen on behalf of Paderta* and turned over to the Clerk by order of this Court. [See Docket No. 47.] There is no explanation in the Motion, nor evidence attached as exhibits thereto, as to the source of these funds prior to the time at which Rosen complied with the order to turn over the money *held on behalf of Paderta*, nor as to the time at which Rosen came into possession of the funds. The emails attached to the Motion as Exhibit A, which Travelers' cites as evidence of the source of the funds Rosen deposited, nowhere describe the *original* source of the funds, and certainly do not identify it as "proceeds from the sale of … [Paderta's] property." [Motion, § II, B; Ex. A to Motion.] Merely identifying the individual who deposited the collateral with the Clerk does not provide sufficient

4

information from which a determination can be made as to the actual source of such funds so that Fifth Third can appropriately protect its interests, if any.

8.  Accordingly, Fifth Third requests that the Court deny Travelers' Motion, or, in the alternative, require Travelers to specifically identify the source of the collateral posted by Rosen so that Fifth Third can properly assert a challenge, if necessary, to the Motion.

### B. Collins' Deposit is From the Proceeds of Real Estate on Which Travelers Did Not Hold a Mortgage.

9.  Unless and until Travelers can prove that it has a superior interest in the funds posted by Collins, resulting from the sale of real estate in Colorado over which Travelers has not asserted a valid or perfected security interest, this Court should not allow Travelers to use the collateral to satisfy its demand on Paderta. Accordingly, this Court should deny Travelers' Motion.

### CONCLUSION

For the reasons stated above, Fifth Third respectfully requests this Court to enter an order (i) denying Travelers' Motion with respect to the funds deposited by Rosen, or, in the alternative, requiring that Travelers clearly identify specific information relating to the source of the funds deposited by Rosen, and (ii) denying Travelers' Motion with respect to the funds deposited by Collins unless and until Travelers provides specific information as to whether any mortgages were previously validly and properly filed on the Colorado real estate that the funds allegedly represent.

Dated: December 30, 2010 Respectfully submitted,

/s/ Michael J. Small
Michael J. Small
John L. Litchfield
Foley & Lardner LLP
321 North Clark Street, Suite 2800
Chicago, IL 60654-5313
312.832.4500
312.832.4700

Attorneys for Third Party Defendant FIFTH THIRD BANK, an Ohio banking corporation, as successor by merger with FIFTH THIRD BANK, a Michigan banking corporation

## CERTIFICATE OF SERVICE

I, John L. Litchfield, an attorney, hereby certify that on December 30, 2010 I caused a true and correct copy of the **OBJECTION OF FIFTH THIRD BANK TO PLAINTIFF'S SECOND MOTION TO USE COLLATERAL** to be served on the following counsel of record via Court's Electronic Case Filing System, and by U.S. Mail, first class posted prepaid at 321 North Clark Street, Chicago, IL 60610:


John E. Sebastian
Frank J. Marsico
Daniel R. Degen
Hinshaw & Culbertson LLP
222 North LaSalle Street
Suite 300
Chicago, Illinois 60601-1081


J. Michael Collins
55 West Monroe
Suite 600
Chicago, Illinois 60603

                                                  /s/ John L. Litchfield
                                                  John L. Litchfield